1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    VERNON J. DUNBAR, JR.           )     No. C 09-3631 JSW (PR)
                                     )
9              Plaintiff,            )
                                     )     **ORDER OF DISMISSAL WITH**
10        v.                         )     **LEAVE TO AMEND, DENYING** *IN*
                                     )     *FORMA PAUPERIS* **MOTION AND**
11   OAKLAND POLICE                  )     **INSTRUCTIONS TO THE CLERK**
     DEPARTMENT,                     )
12                                   )
               Defendant.            )     (Docket No. 2)
13                                   )

14

15

16        Plaintiff, currently incarcerated at San Quentin State Prison in San Quentin,

17   California, has filed a civil rights complaint under 42 U.S.C. § 1983, regarding his being

18   shot by officers from the Oakland Police Department in 2008.  Plaintiff has also filed a

19   motion to proceed *in forma pauperis* (docket no. 2) without the proper supporting

20   documentation.  Plaintiff sent a letter to the Court in September requesting an "extension

21   of time" in which to file the supporting documentation, but has failed to do so since that

22   time.  Therefore, the motion is now DENIED (docket no. 2).  Plaintiff will be provided

23   with thirty days in which to file another properly substantiated motion to proceed *in*

24   *forma pauperis*.  In this order, the Court reviews Plaintiff's complaint pursuant to 28

25   U.S.C. § 1915A and dismisses the amended complaint with leave to amend within thirty

26   days.

                                  **DISCUSSION**
27
          Plaintiff has filed a one sentence complaint regarding being shot by police
28

1  officers from the Oakland Police Department on July 19, 2008.  However, Plaintiff has

2  failed to identifying the responsible Defendants and their actions that give rise to the

3  complaint.  Therefore, the complaint is dismissed with leave to amend as set forth below.

4  I        Standard of Review

5          Federal courts must engage in a preliminary screening of cases in which prisoners

6  seek redress from a governmental entity or officer or employee of a governmental entity.

7  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the

8  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

9  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

10  defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be

11  liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.

12  1990).  A claim that is totally incomprehensible may be dismissed as frivolous as it is

13  without an arguable basis in law.  *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

14          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two  elements:

15  (1) that a right secured by the Constitution or laws of the United States was violated, and

16  (2) that the alleged violation was committed by a person acting under the color of state

17  law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

18  II       Legal Claims

19          A claim regarding the use of excessive force may state a claim for relief.  *Graham*

20  *v. Connor*, 490 U.S. 386, 395 n.10. (1989); *Pierce v. Multnomah County, Oregon*, 76

21  F.3d 1032, 1043 (9th Cir. 1996); *Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447

22  (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989).

23  However, the statement of claim in Plaintiff's complaint fails to identify which

24  individuals are responsible for any alleged constitutional violations.

25          A complaint that fails to state the specific acts of the individual defendant which

26  violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal

27

28                                                2

1 Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th

2 Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend

3 to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27

4 (9th Cir. 2000) (en banc).

5       Plaintiff's complaint fails to provide a short and plain separate statement

6 regarding each claim: the specifics regarding the mistreatment he suffered, how it

7 violated his constitutional rights, whether he suffered any injury as a result, and the

8 specific conduct of each individual Defendant that he asserts is responsible for a

9 constitutional violation. Plaintiff must specifically identify what each named Defendant

10 did or did not do in order to state a claim with regard to each separate claim. If he

11 contends any Defendant is liable for more than one of the claimed constitutional

12 violations, he must specify that. As such, Plaintiff will be granted leave to amend to

13 allege specifics.

14       In his amended complaint, Plaintiff must establish legal liability of each person

15 for the claimed violation of his rights. Liability may be imposed on an individual

16 defendant under section 1983 if the plaintiff can show that the defendant proximately

17 caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628,

18 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A

19 person deprives another of a constitutional right within the meaning of section 1983 if he

20 does an affirmative act, participates in another's affirmative act or omits to perform an

21 act which he is legally required to do, that causes the deprivation of which the plaintiff

22 complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442

23 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation

24 may be basis for liability).

25       It is insufficient to simply identify the "Oakland Police Department" as a

26 Defendant. A city or county may not be held vicariously liable solely based on the

27

28                                  3

unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Plaintiff must identify what each named Defendant did that violated his rights.

Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Plaintiff must also file a properly supported motion to proceed *in forma pauperis.* The Clerk of Court shall send Plaintiff a copy of the Court's prisoner *in forma pauperis* form along with this order. Failure to file the amended complaint and the *in forma pauperis* application within the designated time will result in dismissal of the complaint.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

4

1   3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

2 Court informed of any change of address and must comply with the Court's orders in a

3 timely fashion. Failure to do so may result in the dismissal of this action under Federal

4 Rule of Civil Procedure 41(b).

5   4. The Clerk shall provide Plaintiff with a copy of the Court's *pro se* civil rights

6 complaint form along with this order.

7   IT IS SO ORDERED.

8 DATED: <u>January 14, 2010</u>

9

          JEFFREY S. WHITE

10        United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VERNON J. DUNBAR JR.,

        Plaintiff,

  v.

OAKLAND POLICE DEPARTMENT et al,

        Defendant.

_____/

Case Number: CV09-03631 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vernon J. Dunbar
San Quentin State Prison
G52915
San Quentin, CA 94974

Dated: January 14, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk