IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON J. DUNBAR, | No. C 09-3631 JSW (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| OAKLAND POLICE OFFICERS JEFFERY CAMILOSA, E. PEREZANGELES, O. DAZA-QUIROZ, | |
| Defendants. | |

## INTRODUCTION

Plaintiff, currently incarcerated at California State Prison – Soledad, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint against three Oakland Police Officers. Plaintiff's applications to proceed in forma pauperis are granted in a separate order. For the reasons discussed below, the claims in the amended complaint will be served.

## DISCUSSION

I. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II  Legal Claims

Plaintiff alleges that Defendants Jeffery Camilosa and E. Perezangeles followed him in their police car and flashed their lights.  According to plaintiff, he did not know he had to pull over until another police car, this one driven by Defendant O. Daza-Quiro, also followed him.  Afraid of being shot by the police, plaintiff kept driving until his tire got a flat.  He then stopped his car and got out with his hands up.  Defendants then shot him.  Liberally construed, plaintiff's allegations state a cognizable claim that Defendants used excessive force while arresting him, in violation of his Fourth Amendment's prohibition against unreasonable searches and seizures.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The claims against the City of Oakland are DISMISSED because it is not listed as a defendant in the amended complaint, which supersedes the original, does not list it as a Defendant.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the <u>amended complaint</u> and all attachments thereto, and a copy of this order upon: **Defendants Oakland Police Officer Jeffrey Camilosa, Oakland Police Officer E. Perezangeles, and Oakland Police**

1  **Officer O. Daza-Quiroz** at the **Oakland Police Department**.

2  <u>The Clerk shall also mail a courtesy copy of the amended complaint and this order</u>
3  <u>to the City Attorney of the City of Oakland.</u>

4  The Clerk shall also serve a copy of this order on Plaintiff.

5  3. In order to expedite the resolution of this case, the Court orders as follows:

6  a. No later than **ninety (90) days** from the date this order is filed,
7  Defendants shall either file a motion for summary judgment or other dispositive motion,
8  or a notice to the Court that they are of the opinion that this matter cannot be resolved by
9  dispositive motion. The motion shall be supported by adequate factual documentation
10 and shall conform in all respects to Federal Rule of Civil Procedure 56.

11 **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**
12 **<u>qualified immunity found, if material facts are in dispute. If defendants are of the</u>**
13 **<u>opinion that this case cannot be resolved by summary judgment, they shall so</u>**
14 **<u>inform the Court prior to the date the summary judgment motion is due</u>**.

15 All papers filed with the Court shall be promptly served on the Plaintiff.

16 b. Plaintiff's opposition to the dispositive motion, if any, shall be filed
17 with the court and served upon defendants no later than thirty days from the date the
18 motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING,"
19 which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.
20 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

21 If defendants file an unenumerated motion to dismiss claiming that plaintiff failed
22 to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
23 plaintiff should take note of the attached page headed "NOTICE -- WARNING
24 (EXHAUSTION)." *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

25 c. Defendants shall file a reply brief no later than **fifteen (15) days** after
26 Plaintiff's opposition is filed.

3

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

  6. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

  7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED: February 10, 2011

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON J. DUNBAR JR., | Case Number: CV09-03631 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| OAKLAND POLICE DEPARTMENT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 10, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vernon J. Dunbar
34 Doral Way
G52915
cell 510-931-3387
Antioch, CA 94509

Dated: February 10, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk