IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VERNON J. DUNBAR, | ) | No. C 09-3631 JSW (PR) |
| Plaintiff, | ) ) | **ORDER SCHEDULING DISPOSITIVE MOTION** |
| v. | ) ) | |
| OAKLAND POLICE OFFICERS JEFFERY CAMILOSA, E. PEREZANGELES, O. DAZA-QUIROZ, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, currently incarcerated at California State Prison – Soledad, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. On February 10, 2011, the complaint was ordered served upon Defendants, and Defendants were ordered to, within 90 days, file a dispositive motion or notify the Court that they were of the opinion that the case could not be so resolved. On May 10, 2011, defendants filed a "response" to the Court's order stating that they believed the case can be resolved by summary judgment "but not without additional discovery." They state that they will file such a motion at a time "to be determined by this court" after they have had time to conduct "meaningful discovery." The deadline for defendants to file a motion for summary judgment is **October 15, 2011**. This will have given them ample time to conduct discovery, so no extensions of time will be considered and defendants will not be given another opportunity to file a summary judgment motion.

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court

and served upon defendants no later than thirty days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)." *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

All other provisions of the February 10, 2011, Order of Service not inconsistent with this Order remain in effect.

IT IS SO ORDERED.

DATED: September 19, 2011

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON J. DUNBAR JR., | Case Number: CV09-03631 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| OAKLAND POLICE DEPARTMENT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vernon J. Dunbar
34 Doral Way
G52915
cell 510-931-3387
Antioch, CA 94509

Dated: September 19, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

4